UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-00548-KK-AJRx** | Date: | February 12, 2026 |
|---|---|---|---|

| Title: | ***Favio Suastegui Moreno v. Senior Warden, Adelanto Detention Facility et al.*** |
|---|---|

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **(In Chambers) Order DENYING Petitioner's Motion for Temporary Restraining Order [Dkt. 2]**

## I.
## INTRODUCTION

On February 6, 2026, petitioner Favio Suastegui Moreno ("Petitioner"), who is currently detained in the custody of Immigration and Customs Enforcement ("ICE"), filed a Petition for Writ of Habeas Corpus ("Petition") against respondents Kristi Noem, Todd M. Lyons, David A. Marin, and Senior Warden, Adelanto Detention Facility ("Respondents").  ECF Docket No. ("Dkt.") 1, Petition ("Pet.").  On the same day, Petitioner filed the instant Motion for a Temporary Restraining Order ("TRO") ("Motion"), seeking his immediate release from custody.  Dkt. 2, Motion ("Mot.").

The Court finds this matter appropriate for resolution without oral argument.  See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.  For the reasons set forth below, Petitioner's Motion is **DENIED**.

## II.
## BACKGROUND

As alleged in the Petition, Petitioner was born in Mexico.  Pet. ¶ 12.  On August 1, 1997, Petitioner entered the United States.  Id. ¶ 13.  Since then, Petitioner has lived continuously in the United States.  Id. ¶ 14.  Petitioner is currently married to a U.S. citizen.  Id. ¶ 17.

On February 23, 2025, ICE detained Petitioner and transferred him to the Adelanto Detention Facility, where he remains today. Id. ¶¶ 5, 15. During his detention, Petitioner has attended all required hearings at the Immigration Court. Id. ¶ 16. Petitioner has applied for cancellation of removal, and his spouse has submitted an I-130 Petition for Alien Relative. Id. ¶ 17.

On February 6, 2026, Petitioner filed the operative Petition, arguing his continued detention violates 8 U.S.C. § 1231(a)(6). Pet. ¶¶ 21-22. Specifically, Petitioner argues his detention exceeds the presumptively reasonable six-month period of detention under Zadvydas v. Davis, 533 U.S. 678 (2001), and he has provided good reason to believe his removal is not significantly likely in the reasonably foreseeable future. Id. On the same day, Petitioner filed the instant Motion, seeking his immediate release from custody on the same basis set forth in his Petition. Mot. at 2.

On February 9, 2026, Respondents filed an Opposition to Petitioner's Motion. Dkt. 8, Opposition ("Opp."). In their Opposition, Respondents contend Petitioner is subject to mandatory detention and has been denied bond pursuant to 8 U.S.C. § 1226(c). Id. at 2. In support of the Opposition, Respondents submit two orders from Immigration Judges on June 30, 2025 and August 27, 2025, denying Petitioner's requests for bond hearings. Dkts. 8-1, 8-2. According to the June 30, 2025 order, Petitioner is detained pursuant to Section 1226(c) because of Petitioner's "FBI criminal history sheet and the Laken Riley Act."[1]  Dkt. 8-1 at 2.

This matter, thus, stands submitted.

### III.
### LEGAL STANDARD

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001). Under Federal Rule of Civil Procedure 65, the Court may grant a temporary restraining order to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b)(1)(A). Like a preliminary injunction, a temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008).

The party seeking such relief must establish: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm absent preliminary relief; (3) the balance of equities weighs in its favor; and (4) the injunction is in the public interest ("Winter factors"). See id. at 20. Courts in the Ninth Circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the Winter standard." Fraihat v. U.S. Immigr. & Customs Enf't, 16 F.4th 613, 635 (9th Cir. 2021) (citation modified). Under the serious questions standard, the four Winter elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). Thus, a TRO may be warranted where there are "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff," and so long as the other Winter factors are also met. Id. at 1132.

---

[1] Neither party provides further detail on Petitioner's criminal history, including what criminal offenses Petitioner allegedly committed or whether Petitioner has even been convicted of such offenses.

## IV.
## PETITIONER HAS NOT DEMONSTRATED A LIKELIHOOD OF SUCCESS ON THE MERITS

### A.    APPLICABLE LAW

"Freedom from imprisonment . . . lies at the heart of the liberty" the Fifth Amendment's Due Process Clause protects. Zadvydas v. Davis, 533 U.S. 678, 690 (2001). "[T]he Due Process Clause applies to all 'persons' within the United States," including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." Id. at 693.

8 U.S.C. § 1226 ("Section 1226") generally governs the arrest, detention, and release of noncitizens present in the United States pending removal proceedings. Section 1226 applies to two categories of noncitizens potentially subject to removal. First, under the "default rule" of 8 U.S.C. § 1226(a) ("Section 1226(a)"), a noncitizen may be either detained or released on bond or conditional parole pending a decision on whether the noncitizen is to be removed. Jennings v. Rodriguez, 583 U.S. 281, 288 (2018). Second, under 8 U.S.C. § 1226(c) ("Section 1226(c)"), noncitizens who have committed certain criminal offenses are subject to mandatory detention and may be released only if necessary for witness-protection purposes. Jennings, 583 U.S. at 304. Unlike Section 1226(a), Section 1226(c) "on its face offers no opportunity for release on bond" and, thus, does not require bond hearings as a statutory matter. Rodriguez Diaz v. Garland, 53 F.4th 1189, 1197, 1201 (9th Cir. 2022).

8 U.S.C. § 1231(a) ("Section 1231(a)") governs the detention, release, and removal of noncitizens with a final order of removal. Under Section 1231(a), a noncitizen who has been ordered removed must be detained during the 90-day removal period. 8 U.S.C. § 1231(a)(1)(A), (2)(A). After the 90-day removal period, "the Government 'may' continue to detain a[] [noncitizen] who still remains here or release that [noncitizen] under supervision." Zadvydas, 533 U.S. at 683 (quoting 8 U.S.C. § 1231(a)(6)). However, Section 1231(a)(6) includes an implicit limit on "a[] [noncitizen's] post-removal-period detention to a period reasonably necessary to bring about that [noncitizen's] removal from the United States." Id. at 689. Recognizing constitutional concerns raised by such prolonged detention, the Supreme Court observed "Congress previously doubted the constitutionality of detention for more than six months," and, therefore, "for the sake of uniform administration in the federal courts," established a presumptively reasonable six-month period for post-removal-order detention. Id. at 701.

After the six-month period, if a noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. However, a noncitizen still "may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id. Importantly, "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id.

///

///

---

**B.    ANALYSIS**

The likelihood of success on the merits is the most important <u>Winter</u> factor, which "is especially true for constitutional claims." <u>Junior Sports Mags. Inc. v. Bonta</u>, 80 F.4th 1109, 1115 (9th Cir. 2023) (citing <u>Melendres v. Arpaio</u>, 695 F.3d 990, 1002 (9th Cir. 2012)).  Here, the Court finds Petitioner is not likely to succeed on the merits of his claim because Petitioner is not subject to a final order of removal and, thus, Section 1231(a)(6) does not apply to his detention.  Rather, Petitioner is in ongoing removal proceedings and appears to be subject to mandatory detention under Section 1226(c) due to his criminal history.  <u>See</u> dkts. 8-1, 8-2.  Moreover, pursuant to Section 1226(c), on June 30, 2025, an Immigration Judge denied bond for lack of jurisdiction, <u>see</u> dkt. 8-1, and on August 27, 2025, an Immigration Judge denied bond after finding Petitioner posed a danger to the community, <u>see</u> dkt. 8-2.  Because neither Section 1231(a)(6) nor <u>Zadvydas</u> applies to Petitioner's detention, Petitioner does not establish a likelihood of success on the merits of his claim.  <u>See, e.g.</u>, <u>Francois v. Warden of Otay Mesa Detention Ctr.</u>, No. 3:25-cv-03635-BTM-MMP, 2026 WL 146627, at *3 (S.D. Cal. Jan. 20, 2026) (rejecting a claim that the petitioner's detention violated Section 1231(a)(6) where the petitioner was not subject to a final order of removal).

**V.**
**CONCLUSION**

For the reasons set forth above, Petitioner's Motion is **DENIED**.

**IT IS SO ORDERED**.