**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FAVIO SUASTEGUI MORENO, | Case No. 5:26-cv-00548-KK-AJR |
| Petitioner, | |
| v. | **ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |
| SENIOR WARDEN, ADELANTO DETENTION FACILITY, ET AL., | |
| Respondents. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Petition (Dkt. 25), the Report and Recommendation of the United States Magistrate Judge (Dkt. 36), and all the records and files herein. On July 23, 2026, Respondents filed Objections to the Report and Recommendation (the "Objections") arguing for the first time that Petitioner is being detained pursuant to 8 U.S.C. § 1231 and not 8 U.S.C. § 1226. (Dkt. 37 at 1.) As an initial matter, Respondents did not raise this argument in their Answer to the Second Amended Petition, (Dkt. 29), and therefore this argument is waived. See Farquhar v. Jones, 141 F. App'x 539, 540 (9th Cir. 2005) ("Although Cain asserted in his objections to the magistrate judge's report recommending denial of the summary judgment

motion that he was entitled to qualified immunity, the district court properly declined to address this issue when it adopted the magistrate judge's findings and recommendations."); Greenhow v. Sec'y of Health & Human Servs., 863 F.2d 633, 638–39 (9th Cir.1988) (holding that the district court properly found issues raised for the first time in objections to magistrate judge's report and recommendation had been waived), overruled on other grounds, United States v. Hardesty, 977 F.2d 1347, 1348 (9th Cir.1992).  Regardless, the electronic docket for the Executive Office of Immigration Review shows that Petitioner is not subject to a final order of removal because he timely appealed the Immigration Judge's March 13, 2026 removal order on April 10, 2026 and the appeal "is currently pending."  See https://acis.eoir.justice.gov/en/caseInformation (last accessed on July 24, 2026) (look up case by A# 204-627-667).[1]

The Court has conducted a *de novo* review of those portions of the Report and Recommendation to which Respondents objected and concludes that Respondents' Objections do not cause this Court to alter or modify the Report and Recommendation.  Accordingly, the Court accepts and adopts the findings, conclusions and recommendations of the Magistrate Judge.

IT IS ORDERED that the Second Amended Petition is GRANTED. Petitioner Favio Suastegui Moreno (A# 204-627-667) ("Petitioner") is not subject

---

[1] The Court takes judicial notice of the electronic docket for the Executive Office of Immigration Review.  See Fed. R. Evid. 201 (stating that a court "may take judicial notice on its own" of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); see also Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (holding that a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts); City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

to mandatory detention under 8 U.S.C. § 1226(c), but instead is detained pursuant to 8 U.S.C. § 1226(a).  Respondents shall immediately release Petitioner from custody without conditions and return any confiscated property and documents upon release.  Respondents shall not re-detain Petitioner pursuant to 8 U.S.C. § 1226 without providing at least seven (7) days' notice and a pre-deprivation bond hearing before an Immigration Judge at which the Government bears the burden of proof to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community (for the avoidance of doubt, the Immigration Judge must conduct an individualized assessment of Petitioner's suitability for bond in light of the forgoing standard). Respondents shall file a notice of compliance within **three days of the entry of Judgment.**

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Petitioner at the current address of record, as well as all Respondents.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 24, 2026

_____
HON. KENLY KIYA KATO
UNITED STATES DISTRICT JUDGE

3